This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Malick Investments, Inc., George Malick, and Rose Malick (collectively "Malick"), appeal from a judgment of the Summit County Court of Common Pleas that, upon remand from a prior appeal to this court, entered judgment for appellees, R. Russell Associates, Inc. and Ronald R. Zambetti (collectively "Russell"). We affirm.
A summary of the history of this case is in order, as the crux of Malick's appeal is whether the trial court followed our mandate upon remand from the prior appeal.
Malick is the owner of commercial property on Merriman Road. During 1980, Malick entered into an agreement to lease the premises to Food Franchise, a corporation that has since dissolved and is not a party to this case. On October 27, 1995, Food Franchise subleased the premises to Russell. During 1996, Russell assigned its rights to another entity, Mellow Entertainment, also not a party to this case. Mellow Entertainment apparently abandoned the premises in March 1998.
On October 25, 1998, after notifying Malick, Russell entered the premises and removed its property. In November 1998, Malick visited the property and observed that it was in poor condition. On April 19, 1999, Malick filed a complaint against Russell, alleging breach of contract and the tort of waste and damage to leased property. The trial court granted Russell summary judgment on the breach of contract claims because Malick was not a party to the sublease between Russell and Food Franchise. Malick's claim for waste proceeded to a bench trial. The trial court found that Malick failed to present evidence of waste damages "with sufficient particularity." It awarded Malick damages, however, finding that the property was used as storage space from March to October 1998. The trial court calculated damages at 1/3 of the rental value ($3,583.33) and awarded Malick damages of $8,608.60. Russell appealed and Malick cross-appealed. Russell assigned error to the trial court's award of damages. Malick assigned error to the trial court granting summary judgment to Russell on its breach of contract claims.
On appeal, we affirmed summary judgment on the breach of contract claims but sustained Russell's assignment of error, which asserted that Malick had presented no evidence to support the trial court's damage award. The judgment was reversed in part and remanded to the trial court. See Malick Investments v. R. Russell Assoc., 9th Dist. No. 20452, 2001-Ohio-1369. On remand, the trial court entered judgment for Russell on all claims.
Malick appeals, assigning two errors that will be consolidated because both pertain to whether the trial court exceeded the scope of its authority on remand.
 ASSIGNMENT OF ERROR I "The trial court erred in issuing its December 6, 2001 "Final Judgment Entry" without complying with this appellate court's order of September 26, 2001, which order, under the authority of App.R. 12(C), had reversed the trial court's judgment in favor of the plaintiffs based upon the weight of the evidence, and, which had expressly remanded the case to the trial court "for further proceedings consistent with its opinion[.]"
 ASSIGNMENT OF ERROR II "The trial court erred in not granting money damages to the plaintiffs in the amount of the monthly lease payments that remained unpaid for the "seven months that had elapsed" before the defendant's guarantor [Zambetti] reentered the plaintiffs' property to remove the defendant's equipment and furniture ."
Malick asserts that the trial court was required, on remand, to enter a higher damage judgment in its favor. Malick bases its entire argument on an apparent misunderstanding of the prior opinion in this case.
In our prior opinion, Malick Investments v. R. Russell Assoc., 9th Dist. No. 20452, 2001-Ohio-1369, we sustained Russell's assigned error that Malick had failed to present evidence to support the trial court's award of damages and, therefore, we reversed that aspect of the judgment. This court also overruled Malick's cross-assignment of error that the trial court improperly granted summary judgment to the defendants on Malick's breach of contract claims. In other words, in the prior appeal, Malick lost and Russell prevailed. Malick seems to interpret our opinion quite differently, however.
Malick focuses primarily on the following language from the opinion, suggesting that this court found the trial court's damage award to be inadequate:
 "* * * The trial court valued the property as storage space at 1/3 of the value of the property as a commercial restaurant/bar ($3,583.33 per month).
"* * *
 "After a careful review of the record, we find that no evidence was presented at trial regarding the 1/3 valuation of the property as storage space."
Malick claims that this language evidences a conclusion by this court that the trial should not have discounted the monthly rental value by two thirds but should have instead awarded the full $3,583.33 commercial rental value for seven months. Such an interpretation of this language is completely illogical, given the context in which it was written. Russell had assigned error to the trial court's damage award, asserting, among other things, that there was no such damage evidence before the trial court. We agreed and sustained Russell's assignment of error.
The issue of inadequacy of the damage award was not even before this court. Although Malick asserts that we implicitly sustained its cross-assignment of error challenging the adequacy of the damage award, we addressed no such cross-assignment of error because none was raised. Although Malick raised such an argument in its response to Russell's assignment of error, it did not separately raise the argument as an assignment of error in its cross-appeal. Consequently, we did not address it, explicitly or implicitly.
Malick also attempts to breathe new life into its breach of contract claim, making repeated references to language in the lease and the fact that Malick received no rent for several months. Russell was granted summary judgment on that claim and we affirmed that judgment on appeal. See id. Therefore, the trial court had no authority to do anything with that claim.
As Malick has failed to demonstrate any error by the trial court, its assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
WHITMORE, J., BATCHELDER, J. CONCUR.